```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION


BARTLEY CLEVELAND GREER,         §
TDCJ-CID #1226027,               §
                                 §
            Petitioner,          §
                                 §
v.                               §    CIVIL ACTION NO. H-06-1742
                                 §
NATHANIEL QUARTERMAN,            §
                                 §
            Respondent.          §
```

**MEMORANDUM OPINION AND ORDER**

Pending before this court is a Petition for a Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254, filed by Bartley Cleveland Greer, an inmate of the Texas Department of Criminal Justice - Criminal Institutions Division (TDCJ-CID). After reviewing the pleadings and available state court records, the court will dismiss Greer's habeas petition because he has failed to exhaust state court remedies as required by § 2254.

**I.   Procedural History and Claims**

Greer was charged with aggravated robbery in Harris County, Texas. He pleaded guilty and was given a 25-year prison sentence. State v. Greer, No. 950542-A (208th Dist. Ct., Harris County, Tex., Nov. 19, 2004). Greer did not file a direct appeal. See Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, at page 2.

On November 19, 2004, Greer filed a state application for a writ of habeas corpus with the Harris County District Clerk.  Id. at page 3.  Greer presented three grounds for relief in the application:  two alleging ineffective assistance of counsel and one alleging prosecutorial misconduct.  Id.  The application was forwarded to the Texas Court of Criminal Appeals, which denied it without a written order on January 25, 2006.  Id. at 4.  See also Ex parte Greer, No. 61,226-03, Texas Court of Criminal Appeals Website, http://www.cca.courts.state.tx.us.  Greer also filed several mandamus applications, which the Court of Criminal Appeals denied.  Ex parte Greer, Nos. 61,226-01; 61,226-02; 61,226-04.

In a motion and letter to the court (Docket Entry No. 5) Greer states that he filed a motion for reconsideration and rehearing, which is still pending.  This assertion is verified by the records of the Court of Criminal Appeals.  See Ex parte Greer, No. 61,226-03. Greer requests that the pending federal habeas action be held in abeyance until his state habeas proceeding has been concluded.

## II. Claims

Greer raises the following claims in his federal petition:

1. Greer was denied effective assistance of counsel during his first trial because his attorney had a conflict of interest by representing a co-defendant.

2. The state prosecutor engaged in misconduct by promoting Greer's defense counsel's ineffective conduct.

-2-

    3.    Greer's trial counsel at his second trial was ineffective because he (a) failed to investigate the facts, (b) did not consult with Greer, (c) wrote Greer's name on the photo spread, (d) improperly advised Greer regarding his chances at trial, (e) neglected to challenge an invalid arrest, and (f) refused to perform a background check on a police informant.

### III.  **Exhaustion of State Remedies**

Under 28 U.S.C. § 2254, a habeas petitioner must exhaust available state remedies before seeking relief in the federal courts.  See Nobles v. Johnson, 127 F.3d 409, 419-420 (5th Cir. 1997).  To exhaust his state remedies the petitioner must fairly present the substance of his claims to the state courts, and the claims must have been fairly presented to the highest court of the state.  Id. citing Picard v. Connor, 92 S.Ct. 509, 512-13 (1971); Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990).

In Texas a petitioner satisfies this requirement by filing a petition for discretionary review (PDR) in the Texas Court of Criminal Appeals or, in post-conviction matters, by filing a state application for a writ of habeas corpus in state district court, which forwards the application to the Court of Criminal Appeals.  See TEX. CODE CRIM. PROC. ANN. art. 11.07; Richardson v. Procunier, 762 F.2d 429, 431-32 (5th Cir. 1985).

As stated above, Greer continues to challenge his state court conviction in the Court of Criminal Appeals.  Greer cannot seek simultaneous relief in both state and federal courts.  See Emery v.

Johnson, 139 F.3d 191, 194 (5th Cir. 1997).  If a federal habeas petition is filed while state remedies are still being pursued, the federal court has the authority to dismiss the federal petition. Brewer v. Johnson, 139 F.3d 491, 493 (5th Cir. 1998).  Dismissal rather than a stay in the proceedings is proper where there are unresolved claims before the state courts.  See Nottlemann v. Welding, 861 F.2d 1087 (8th Cir. 1988).  See also Graham v. Johnson, 168 F.3d 762, 775-779 (5th Cir. 1999).

Accordingly, this action will be dismissed without prejudice for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required by the provisions of 28 U.S.C. § 2254.

Greer is admonished that federal habeas petitions are subject to a one-year statute of limitations pursuant to the provisions of 28 U.S.C. § 2244(d).  Greer should familiarize himself with and fully comply with these time limitations by promptly filing requests for information about his state court application with the convicting state court.  If no relief is granted in the state courts, Greer must file another federal habeas petition within thirty days following a ruling on his state habeas application by the Court of Criminal Appeals.

## IV.  Certificate of Appealability

A Certificate of Appealability will not be issued unless the petitioner makes "a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S.Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.; Beasley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Beasley, at 263, quoting Slack, 120 S.Ct. at 1604; see also Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a Certificate of Appealability, sua sponte, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).  The court has determined that Greer has not made a substantial showing that reasonable jurists would find the court's procedural ruling to be debatable; therefore, a Certificate of Appealability from this decision will not be issued.

## V. Conclusion

Accordingly, the court **ORDERS** the following:

1. Greer's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED without prejudice** for failure to exhaust state court remedies.

2. A Certificate of Appealability is **DENIED**.

3. The Application to Proceed In Forma Pauperis (Docket Entry No. 3) is **GRANTED**.

4. The Motion for Stay (Docket Entry No. 5) is **DENIED**.

5. The Clerk will provide a copy of this Memorandum Opinion and Order dismissing this action to the petitioner, and will provide a copy of the petition and this Memorandum to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this the 29th day of June, 2006.

SIM LAKE
UNITED STATES DISTRICT JUDGE