IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BARTLEY CLEVELAND GREER, § | | |
| TDCJ-CID NO. 12226027, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | |
| § | CIVIL ACTION NO. H-06-1742 | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal § | | |
| Justice, Correctional § | | |
| Institutions Division, § | | |
| § | | |
| Respondent. § | | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, Bartley Cleveland Greer, a person in state custody, brings this action seeking a Writ of Habeas Corpus (Docket Entry No. 15). Pending before the court is Respondent Quarterman's Motion for Summary Judgment with Brief in Support, arguing that Greer's claims are time-barred (Docket Entry No. 24). For the reasons stated below, Quarterman's Motion for Summary Judgment will be granted, and Greer's Petition for a Writ of Habeas Corpus will be denied.

**I.  Background**

On March 16, 2004, Greer pleaded guilty to aggravated robbery pursuant to a plea agreement and was sentenced to twenty-five years' imprisonment.[1] Greer waived his right to appeal as part of

---

[1] Ex parte Greer, Appl. No. WR-61,226-03, pp. 87, 98.

his plea agreement and did not directly appeal his conviction.[2]  On November 19, 2004, Greer filed a state habeas application, which the Texas Court of Criminal Appeals denied on January 25, 2006, without written order on the findings of the trial court.[3]  Greer filed a motion for reconsideration with the Court of Criminal Appeals on February 8, 2006.[4]  The court determined that no action was necessary on February 10, 2006.[5]

On May 18, 2006, Greer filed a federal petition for habeas corpus relief in this court.[6]  On May 25, 2006, Greer filed a motion "asking the Clerk not to file 2245 writ of habeas corpus" or, alternatively, to stay and abate the proceeding while he exhausted his state court remedies.[7]  In his motion Greer stated that "[o]n the 8th day of February 2006 [he] filed a Motion for Reconsideration, Rehearing . . . and on the 10th day of March 2006,

---

[2]Id. at 88.

[3]Id. at 2, cover.

[4]Ex parte Greer, Motion for Reconsideration/Rehearing, Appl. No. WR-61,226-03.  State court docket sheet available at http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=239830.

[5]Respondent Quarterman's Motion for Summary Judgment with Brief in Support, Docket Entry No. 24, Exhibit B.  Available at http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2229416.

[6]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1.

[7]Motion for Abeyance, Motion for Stay, Docket Entry No. 5.

[he] filed [a] Writ of Mandamus pursuant to Article 11.07 sec. 8.3(c) Tex. Code Crim. Proc., concerning courts failure to send conclusion of law and factual finding (pending)."[8]  Greer stated that he filed his federal petition early because he was unaware that his motion for reconsideration and rehearing to the Texas Court of Criminal Appeals would toll the one-year statute of limitations imposed by the Anti-terrorism and Effective Death Penalty Act (AEDPA).[9]  28 U.S.C. § 2244(d).  Upon Greer's representation that his motion for reconsideration and rehearing was still pending, this court denied Greer's motion to stay and abate his proceedings and dismissed his petition without prejudice for failure to exhaust on June 29, 2006.[10]  The court admonished Greer of the AEDPA's one-year statue of limitations and ordered him to familiarize himself with it and to file another habeas petition within thirty days following an unfavorable final ruling on his state habeas application by the Court of Criminal Appeals.[11]

On November 7, 2006, Greer filed a second federal habeas application and this court granted his motion to reinstate his

---

[8]Id. at 1.

[9]Id.

[10]Memorandum Opinion and Order, Docket Entry No. 8.

[11]Id. at 4.

federal action.[12]  Respondent filed the pending motion for summary judgment on May 1, 2007.  Greer has not timely responded to respondent's motion.[13]

## II.  **Analysis**

### A.  **Statute of Limitations**

The Anti-terrorism and Effective Death Penalty Act (AEDPA) governs this case because Greer filed his federal habeas petition after the AEDPA's effective date.  Lindh v. Murphy, 117 S. Ct. 2059, 2068 (1997).  When enacting the AEDPA Congress included a one-year statute of limitations, the relevant portion of which states:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> ...
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted

---

[12] Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 15; Order, Docket Entry No. 18.

[13] Greer filed two motions for an extension of time to respond to respondent's motion, which were granted (Docket Entry Nos. 26, 28).  Greer's third motion for an extension of time to respond was denied (Docket Entry No. 30).

>       toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[14]

Because Greer entered a guilty plea and was sentenced on March 16, 2004, his conviction became final and the AEDPA statute of limitations period began to run upon the expiration of the time that Greer had for filing a timely notice of appeal on April 15, 2004.  Tex. R. App. P. 26.2.  See also Hughes v. Dretke, 2004 U.S. Dist. LEXIS 25223 at *5 (N.D. Tex. Dec. 14, 2004) (holding that a petitioner's conviction became final thirty days after entering a guilty plea even though he had waived his right to appeal in his plea bargain).  Accordingly, Greer had until April 15, 2005 to file a federal habeas petition unless a properly filed application for state post-conviction review or other collateral review tolled the limitations period under § 2244(d)(2).

Greer's state habeas application was filed on November 19, 2004, and denied on January 25, 2006.  On February 8, 2006, Greer filed a motion for rehearing or reconsideration with the Court of Criminal Appeals, which the court disposed of on February 10, 2006.  The statute of limitations ran for 218 days from the date his

---

[14]The record does not indicate that any unconstitutional State action prevented Greer from filing for federal habeas corpus relief, that his claims concern a constitutional right recently recognized by the Supreme Court, or that the factual predicate of his claims could not have been discovered until after his conviction became final.  Accordingly, §§ 2244(d)(1)(B)-(D) are inapplicable here.

conviction became final until the date he filed for state habeas relief.  The limitations period was then tolled 448 days from November 19, 2004, through February 10, 2006, when the Texas Court of Criminal Appeals disposed of his motion for reconsideration or rehearing of his state habeas petition.  <u>Lookingbill v. Cockrell</u>, 293 F.3d 256, 261-62 (5th Cir. 2002) ("[T]he clock should not start running again between the date of the state trial court's disposition of a state habeas petition and the petitioner's timely filing for direct review at the next level. . . . [T]olling lasts only as long as the Texas courts take to resolve the motion or suggestion for reconsideration.").  Therefore when Greer's federal habeas corpus application was filed on November 7, 2006, it was approximately four months late.

Although Greer filed an application for a writ of mandamus with the Texas Court of Criminal Appeals on March 10, 2006, that filing did not toll the AEDPA statute of limitations.  Greer's writ of mandamus did not seek review of the judgment of conviction, but rather sought an order directing the state court clerk to send him copies of legal documents.[15]  It was therefore not an application for state post-conviction or other collateral review within the meaning of § 2244(d)(2).  <u>Moore v. Cain</u>, 298 F.3d 361, 366-67 (5th

---

[15]Plaintiff's Original Writ of Mandamus, Mar. 10, 2006, Appl. No. WR-61,226-04, unnumbered pp. 3-4, available at http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID= 2232981.

Cir. 2002). Nor did Greer's first federal habeas petition toll the limitations period. Duncan v. Walker, 121 S. Ct. 2120, 2124 (2001) ("a properly filed federal habeas petition does not toll the limitations period"). Greer's instant application for federal habeas relief is therefore time-barred absent equitable tolling.

**B.   Equitable Tolling**

AEDPA's statute of limitations may be equitably tolled only in "rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811-12 (5th Cir. 1998). The doctrine applies "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting [his] rights." Grooms v. Johnson, 208 F.3d 488, 489-90 (5th Cir. 1999). "In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief." Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999). The decision to apply equitable tolling is within the discretion of the court. Salinas v. Dretke, 354 F.3d 425, 431 (5th Cir. 2004).

Respondent argues that Greer is not entitled to equitable tolling because he waited over eight months after pleading guilty to seek state habeas relief and waited approximately nine months to file his second federal habeas application after the Texas Court of Criminal Appeals disposed of his motion for reconsideration or

rehearing on February 10, 2006.[16]  Respondent further argues that Greer fails to demonstrate any "rare and exceptional" circumstances that would justify equitable tolling.[17]

In his habeas application Greer alleges that the state court clerk failed to notify him that his motion for reconsideration or rehearing would not be entertained.[18]  Respondent provided a copy of Greer's incoming legal mail logs, which indicates that Greer received mail from the Court of Criminal Appeals on February 13, 2006.[19]  Regardless, in correspondence with the Court of Criminal Appeals Greer admits to learning of the court's February 10, 2006, decision on July 7, 2006, at the latest.[20]  In a July 13, 2006, letter to the Court of Criminal Appeals Greer wrote "your office failure [sic] to properly notify me . . . on the status of the above said motion . . . until 7 day of July 2006, not on February 10 2006."[21]  Greer then waited approximately four more months to

---

[16] Respondent Quarterman's Motion for Summary Judgment with Brief in Support, Docket Entry No. 24, p. 7.

[17] Id.

[18] Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 15, p. 3.

[19] Respondent Quarterman's Motion for Summary Judgment with Brief in Support, Docket Entry No. 24, Exhibit C.

[20] Inmate Correspondence, July 13, 2006, WR-61,226-03, state court docket sheet available at http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=239830.

[21] Id.  Greer seems to have known that the Texas Court of Criminal Appeals disposed of his motion for reconsideration prior

file his second federal habeas application on November 7, 2006.

There is no indication that Greer was actively misled about his cause of action or was prevented in some way from asserting his rights. Rather, Greer was admonished in the district court's June 29, 2006, order that he should "familiarize himself with and fully comply with" the time limitations provided by 28 U.S.C. § 2244(d).[22] The court also instructed Greer to "file another federal habeas petition within thirty days" following an unfavorable ruling on his state habeas application by the Texas Court of Criminal Appeals.[23] Even assuming that Greer did not know about the Court of Criminal Appeals' decision regarding his motion for reconsideration or rehearing until July 7, 2006, he still waited four months to file

---

to July 7, 2006, although he did not know the exact date. Inmate Correspondence, June 29, 2006, WR-61,226-03 ("I need to know the date that the court refuse[d] to entertain this above said motion"). State court docket sheet available at http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=239830.

[22]Memorandum Opinion and Order, Docket Entry No. 8, p. 4.

[23]Id. The Fifth Circuit has held that extraordinary circumstances justifying equitable tolling exist where a petitioner is misled by an affirmative, but incorrect, representation of a district court on which he relies to his detriment. United States v. Patterson, 211 F.3d 927, 931-32 (5th Cir. 2000). However, failure of notice is insufficient to justify equitable tolling. See Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2003). The court relied on Greer's misrepresentation that his motion for reconsideration or rehearing was still pending when it dismissed his first federal habeas petition. Memorandum Opinion and Order, Docket Entry No. 8, p. 2. No court ever misled Greer that his writ of mandamus would toll the limitations period, or that it would toll until he received official notice of the outcome of his motion for reconsideration or rehearing.

his second federal habeas petition.  Although Greer apparently believed that his writ of mandamus to the Texas Court of Criminal Appeals on March 10, 2006, tolled the AEDPA statute of limitations,[24] a pro se prisoner's ignorance  of the law does not otherwise excuse his failure to file a timely petition and is not grounds for equitable tolling.  Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2003) ("[A]  petitioner's ignorance or mistake is insufficient to warrant equitable tolling."); Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999).

Given Greer's apparent lack of diligence and lack of extraordinary circumstances in this case, the court concludes that equitable tolling is not warranted and his federal habeas petition is barred by the statute of limitations.

### III.  Conclusion and Order

For the reasons explained above, Respondent Quarterman's Motion for Summary Judgment (Docket Entry No. 24) is **GRANTED**, and Greer's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 15) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 24th day of July, 2007.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[24]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 15, p. 3.